| | |
|---|---|
| 1 | **BURSOR & FISHER, P.A.** |
| 2 | L. Timothy Fisher (State Bar No. 191626) |
|   | 1990 North California Blvd., Suite 940 |
| 3 | Walnut Creek, CA 94596 |
| 4 | Telephone: (925) 300-4455 |
|   | Facsimile: (925) 407-2700 |
| 5 | E-Mail: ltfisher@bursor.com |

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KISSICK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGETIC COMMUNICATIONS CORP.<br><br>Defendant. | Case No. 2:19-cv-03586<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Daniel Kissick ("Plaintiff" or "Mr. Kissick"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Synergetic Communications Corp. ("Synergetic" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

## PARTIES

1. Plaintiff Daniel Kissick is, and at all times mentioned herein was, a resident of Whittier, California, and a citizen of the State of California.

2. Defendant Synergetic is a corporation organized under the laws of Delaware, with a principal place of business at 5450 NW Central Dr # 1000, Houston, TX 77092. Synergetic conducts business in this District and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

5. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The TCPA Of 1991**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers."  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The same section forbids making calls using an "artificial or prerecorded voice."  *Id*.

9. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Calls To Plaintiff And Class Members**

10.     Synergetic called Plaintiff using an automatic telephone dialing system without his prior express written consent at least five times, including a call on January 8, 2019 from the telephone number (800) 580-8615.

11.     Defendant owns the telephone number (800) 580-8615. In fact, when the number is dialed back, a recording plays a message starting: "You have reached Synergetic Communications." The number is also listed on Synergetic's website: http://www.syncomcorp.net/company/contact_us.

12.     When Plaintiff answered Defendant's call, he heard a momentary pause. This pause is a hallmark of a predictive dialer. According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

13.     At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed calls are being made to consumers' telephones through its own efforts and those of its agents.

14.     Defendant knowingly made (and continues to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

15.     Online consumer complaints regarding Defendant are legion, and further demonstrate Defendant's wanton and willful disregard for the law:

- "These dumb [***] people called my work phone and tried to scam a police officer of 30 years I guess you do have to hire the mentally challenged"[1]
- "They have called me every day since I turned 18, 4 months ago. If I answer it just rings and rings with no answer. After reading all the posts here I am way more confused then ever being that I do not own a car nor a mobile home. I don't even have any student loans! Why they are calling me I will never know, I am just going to ignore the number and let the phone ring."[2]
- "Just received a call from this number. Number belongs to synergetic communications. I have no debt at all and none of my family members either. This company did not leave a message either. So I did research and found out that this number is red flagged and is a high risk of scamming and fraud."[3]
- "keeps calling, no message. I blocked the number."[4]

16. These complaints represent just a small sampling of voluminous customer complaints regarding Synergetic's practices and clear violations of the TCPA.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a telephone call on his or her cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that

---

[1] https://800notes.com/Phone.aspx/1-800-580-8615/5.
[2] Id.
[3] Id.
[4] Id.

CLASS ACTION COMPLAINT                                                                 4

begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Plaintiff represents, and is a member of, this proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

21. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23. The proposed Class can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members using an ATDS without prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages, and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their telephones using an ATDS without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Class wide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

32. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

33. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

1  40.  The foregoing acts and omissions of Defendant constitute numerous and
2  multiple violations of the TCPA, including but not limited to each of the above-cited
3  provisions of 47 U.S.C. § 227 *et seq.*
4  41.  As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff
5  and members of the proposed Class are entitled to an award of $500.00 in statutory
6  damages for each and every call made in violation of the statute, pursuant to 47
7  U.S.C. § 227(b)(3)(B).
8  42.  Plaintiff and members of the proposed Class are also entitled to, and do,
9  seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in
10  the future.
11  43.  Plaintiff and members of the proposed Class are also entitled to an
12  award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.  As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.  As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

  e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

  f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 29, 2019  Respectfully submitted,

  **BURSOR & FISHER, P.A.**

  By: */s/ L. Timothy Fisher*
    L. Timothy Fisher

  L. Timothy Fisher (State Bar No. 191626)
  1990 North California Blvd., Suite 940
  Walnut Creek, CA 94596
  Telephone: (925) 300-4455
  Facsimile: (925) 407-2700
  E-Mail: ltfisher@bursor.com

  **BURSOR & FISHER, P.A.**
  Scott A. Bursor (State Bar No. 276006)
  2665 S. Bayshore Dr. Ste. 220
  Miami, FL 33133-5402
  Telephone: (305) 330-5512
  Facsimile: (212) 989-9163
  Email: scott@bursor.com

  *Attorneys for Plaintiff*